IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY FIMREITE,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

OPINION AND ORDER

14-cv-508-wmc

---

      Pursuant to 42 U.S.C. § 405(g), plaintiff Jeffrey Fimreite seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, which denied her application for Social Security Disability Insurance Benefits and Supplemental Security Income. On September 1, 2015, the court heard oral argument on plaintiff's contention that the administrative law judge ("ALJ"): (1) erred in assessing Fimreite's credibility; and (2) failed to develop the record adequately by having a physician further review the results of the 2012 MRI. For the reasons provided below, the court rejects both challenges and will affirm the Commissioner's denial of benefits.

BACKGROUND

      As discussed in more detail in the ALJ's written decision, the parties' briefs and during oral argument, while Fimreite asserts that he is unable to work because of low back pain, claiming an onset disability date of June 22, 2006, the medical support is thin at best. Treating physician notes reference Fimreite's low back pain, but indicate no restrictions or limitations on his activities or ability to work. A November 2011 radiology report of his lumbar spine also showed "normal" results. (AR 248.) Finally,

two state agency physicians both concluded in 2011 that Fimreite had the residual functional capacity ("RFC") to engage in medium level work. (AR 259-60.)

Central to plaintiff's challenge, Fimreite had an MRI of his lumbar spine in October of 2012, apparently after encouragement by the ALJ that he retain legal counsel to further develop the record as to the nature and extent of his disabilities. Thomas Gilbert, M.D., interpreted the results of the MRI and listed several conclusions, including "1. Mild L5-S1, L4-5 and L3-4 disc degeneration with a dorsal annular fissure at L4-5. 2. Mild facet arthropathy on the right at L4-5. 3. Central canal is patent at every level, and there is mild narrowing of the neural foramina at L4-5 with neural impingement. 4. No distal cord lesion, intradural mass or arachnoidal adhesions. 5. No neoplasm, fracture or infection." (AR 262.) While noting the existence of the 2012 this MRI in his opinion, the ALJ found it actually supported his discounting of Fimreite's self-assessment of his limitations and restrictions in part based on Dr. Gilbert's findings of only "mild" abnormalities. (AR 15.)

OPINION

As noted above, Fimreite raises two challenges to the Commissioner's finding of non-disability, which the court will address in the order raised.

I.   The ALJ's Credibility Assessment

Fimreite contends generally that the ALJ failed to state what he found to be credible and what he found not to be credible. As described above, however, the ALJ credited Fimreite's report of low back pain, but found his claim of symptoms restricting

his ability to work less than credible for several, express reasons, including: (1) medical records obtained from the Wisconsin Department of Corrections ("DOC") cleared Fimreite for any type of work or recreation and do not otherwise support a limitation; (2) a normal lumbar spine x-ray from November 2011; (3) an October 2012 MRI showing only "mild" issues; (4) that Fimreite's symptoms improved with physical therapy starting in January 2013; (6) that a consulting physician, Dr. Melzer, found that he was capable of full range of medium work; (7) that in an October 2011 self-assessment, Fimreite reported engaging in a range of activities, including hunting and fishing (albeit with some limitations); and (8) that Fimreite acknowledged he was managing pain with non-prescription medication. Moreover, the ALJ's written credibility determination is far more robust in its reasoning than that provided in a typical decision, and certainly meets the requirement of building an "accurate and logical bridge from the evidence to his conclusion." *Curvin v. Colvin*, 778 F.3d 645, 648 (7th Cir. 2015) (citation and quotation marks omitted).

That said, plaintiff rightly takes exception with respect to one of the factors relied on by the ALJ in discounting Fimreite's credibility: the fact that Fimreite no longer took prescription medication. Elsewhere in the record, Fimreite stated that he could no longer seek medical attention because he was uninsured. At least during the period when Fimreite was without health insurance, therefore, the ALJ should not have relied on a lack of prescription medication in finding Fimreite's symptoms not to be as severe as he reported. *See Goins v. Colvin*, 764 F.3d 677, 679-80 (7th Cir. 2014) (criticizing ALJ's treatment of lack of medical insurance). Even so, this error is not sufficient to find the

3

ALJ's overall credibility finding patently wrong. *See Halsell v. Astrue*, 357 F. App'x 717, 722-23 (7th Cir. 2009) ("Not all of the ALJ's reasons must be valid as long as enough of them are, and here the ALJ cited other reasons for disbelieving Halsell.") (citations omitted).

The court also credits Fimreite's general criticism of the ALJ relying on a lack of medical treatment, while still finding it similarly unpersuasive here. Importantly, the medical evidence that is in the record does *not* support a finding of disability. If there were some medical evidence which supported a finding of restrictions with respect to his work, and the ALJ discounted it solely because it was limited, then Fimreite's argument may have gained traction. Here, however, consistent evidence of no meaningfully limiting disability is not undermined because the ALJ also considered the lack of medical evidence during a period in which he was uninsured.

Fimreite also raises concerns about the ALJ's failure to mention notes a doctor made after examining Fimreite on one occasion before referring him to have an MRI taken. While the doctor noted pain and some swelling during that examination, those notes do not undermine the ALJ's reliance on the findings of other doctors who similarly noted Fimreite's complaints of pain but found no restriction on his activities.

Finally, with respect to the credibility determination, Fimreite argues that the ALJ impermissibly relied on his answers in an October 2011 self-assessment form, rather than his April 2013 hearing testimony. In the October 2011 form, Fimreite reported that he went hunting and fishing as much as possible (approximately six times per year), and that he was able to do both "very well." (AR 176.) He also reported that he was restricted to

4

lifting 20 pounds, and able to walk 1 mile without needing to stop and rest and would need to rest for 10 minutes. (AR 177.) He also stated that he can sit for up to 1/2 hour without taking a break, stand for 1 hour, and walk for 1 hour, and that he can sit for 6 hours a day, stand for 6 hours a day and walk for 3 hours a day. (AR 180.) As the Commissioner points out, this form was completed more than five years after Fimreite's claimed disability onset date and therefore should be reflective of limitations on activities. Accordingly, the ALJ was well within his discretion as the finder of fact ultimately charged with credibility determinations in accepting Fimreite's responses of the form rather than his testimony during the hearing.

## II. October 2012 MRI

Plaintiff also contends that the ALJ failed to develop the record adequately in choosing not to obtain any further medical opinions on the meaning of the 2012 MRI. Instead, plaintiff asserts, the ALJ summarized the findings on his own, and therefore "played doctor." While this argument has more merit then Fimreite's other challenge to the ALJ's credibility assessment, the court rejects it as well.

As an initial clarification, a physician, Dr. Gilbert, *did* interpret the MRI results and listed his conclusion. (AR 262.) Still, Fimreite contends, the ALJ was not sufficiently credentialed to determine whether Gilbert's notations of finding "mild" abnormalities in the MRI should alter his assessment of Fimreite's Residual Functional Capacity ("RFC"). The duty of the ALJ to make a complete record, however, "can reasonably require only so much." *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004).

Here, the ALJ postponed the hearing to afford Fimreite an opportunity to retain a lawyer and obtain additional, supporting medical evidence. While he was represented at the second hearing by counsel and had additional medical evidence, including the October 2012 MRI, plaintiff ultimately failed to meet his burden of demonstrating a disability, including providing additional evidence linking the results of his 2012 MRI with his self-assessment of restrictions and limitations. *See Pepper v.* Colvin, 712 F.3d 351, 367 (7th Cir. 2013) (explaining that it is the claimant's burden to explain why she is disabled as a result of her severe limitations) (citing 20 C.F.R. § 404.1512(c); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

On this last point, the cases where the Seventh Circuit *has* remanded based on the ALJ's failure to develop the record are distinguishable, either because: (1) the ALJ relied on dated x-rays where the medical record as a whole revealed significant deterioration, *Smith v. Apfel*, 231 F.3d 433, 437-38 (7th Cir. 2000); or (2) the new medical evidence noted "serious" or "grave" results, *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014). In a perfect world, the ALJ might have sought clarification from either Dr. Gilbert or another physician's opinion as to the ramification of the MRI findings on Fimreite's RFC, but a failure to take this additional step does not constitute an abuse of discretion at least where, as here, Dr. Gilbert's finding of mild abnormalities in that later MRI seemed to coincide with all the other medical evidence in the case.

ORDER

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, as Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 3rd day of September, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge